**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually, but as Administrator of the Funds,** | ) | **Case No. 26 C 2534** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Honorable John Robert Blakey** |
| | ) | |
| **T CAT ENTERPRISE, INC., an Illinois corporate entity,** | ) | **Magistrate Judge Young B. Kim** |
| **Defendant.** | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF**
**DEFAULT JUDGMENT**

NOW COME Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Welfare Fund, Retiree Health and Welfare Fund, and Catherine Wenskus, Administrator of the Funds (collectively the "Funds"), by and through their attorney Sara S. Schumann, and hereby move the Court to find Defendant T CAT Enterprise, Inc. ("T CAT" or "Company") in default and order entry of a default judgment, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. In support of its motion, the Funds state as follows:

1. The Funds brought this cause under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq*.; and under 28 U.S.C. §1331, federal common law and the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §185(a) for contributions owed to the Plaintiffs pursuant to Company's Collective Bargaining Agreement; and for an audit, covering April 1, 2022 to present. A copy of T CAT's executed Independent Construction Industry Collective Bargaining Agreement (the "Memorandum Agreement") with the Construction &

General Laborers District Council of Chicago and Vicinity (the "Union") was attached to Plaintiffs' Complaint as Exhibit A and is attached hereto as Exhibit A-1.

2. The Memorandum Agreement binds T CAT to the Joint Agreements, between the Union and various employer and industry associations, as well as binds T CAT to the Funds' Agreements and Declarations of Trust (the "Trust Agreements"). True and Accurate copies of the relevant portions of Funds' Trust Agreements and of the Joint Agreement with the Chicago Area Independent Construction Association ("CAICA") are attached hereto as follows: Exhibit A-2, CAICA; Exhibit B, Pension Fund Agreement; Exhibit C, Welfare Fund Agreement; Exhibit D, Retiree Welfare Fund Agreement, Exhibit E, Training Fund Agreement. Noting that collectively the Memorandum Agreement and CAICA are referred to as the "Agreement" or "CBA."

3. Amongst other things, in its Complaint, Plaintiffs specifically alleged that the CBA and Funds' respective Trust Agreements require T CAT to: Submit upon demand to an audit, covering the period from April 1, 2022 to present (referred to herein as the "Calibre Audit") (Count I); Submit monthly reports and turnover Union dues reflected owed by the reports to the Laborers' Dues Fund from April 1, 2022 to present (Count II); Pay all monthly obligations for benefit contributions to Funds that Company reported, but failed to pay (Count III). Further, Plaintiffs specifically alleged the Agreement and Trust Agreements require T CAT to pay the associated liquidated damages, accumulated interest, audit costs and Funds' attorneys' fees and costs.

4. On April 10, 2026, T CAT was served Summons and Complaint through the Illinois Secretary of State with T CAT's answer due by May 1, 2026 (See Docket No. 13).

5. To date, T CAT has failed to Answer or file any responsive pleading in this case and is not represented. Thus, T CAT has failed to defend this case and a default should be entered.

6. Pursuant to the Trust Agreements the Funds' respective Trustees are authorized to

set policies and procedures, regarding the collection of delinquent amounts owed by contributing employers per their obligation to report all benefits and dues monthly or based on auditor's review of the signatory's books and records for compliance with the terms of the CBA and Trust Agreements. Attached as Exhibit F hereto is a true and accurate copy of the Funds' Amended and Restated Collection Policies and Procedures, which provides authorization for the Funds to collect delinquent dues, as well as the assessment of twenty percent liquidated damages on amounts found owed in a compliance audit to the Pension, Welfare, Retiree Welfare and Training Funds and ten percent liquidated damages as to all other funds (See, Exhibit F, Amended and Restated Collection Policies and Procedures).

7. Since filing this action, the Calibre Audit, covering April 1, 2022 through April 3, 2026 was completed and issued on September 22, 2026. A copy of the Calibre Audit and summary was sent with the undersigned's letter dated September 5, 2026 via email to Company's owner, registered agent and president James Trumbull. See Exhibit G, Letter to J. Trumbull of 9.22.2026.

8. To date, T CAT has failed to raise any challenges to the Calibre Audit findings, by the October 19, 2026 deadline, nor has T CAT's owner contacted the undersigned to request an extension of time to do so.

9. Based on the above, Plaintiffs move the Court order the clerk to enter the default judgment in its favor and against T CAT, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Funds will then move for entry of judgment in sum certain based on the Calibre Audit findings.

10. As stated in the undersigned's Certificate of Service, copies of this motion for entry of default will be sent via registered mail to T CAT's owner, president and Registered Agent James Trumbull at the address on file with the Illinois Secretary of State for the Company and its

registered agent, as well as by email, which is how the undersigned has received responses from Mr. Trumbull previously.

**WHEREFORE**, Plaintiffs respectfully request the Court order entry of default judgment against Defendant, T CAT Enterprise, Inc., and in favor of Plaintiffs, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and set the matter for hearing with enough time for Defendant's registered mail receipt to be returned.

Respectfully submitted,

October 29, 2026

Chicago & Vicinity Laborers' District Council Pension and Welfare Funds, et al.,

By: /s/ Sara S. Schumann
*Associate Fund Counsel*

Laborers' Pension and Welfare Funds
c/o Sara S. Schumann
11465 W. Cermak Rd.
Westchester, IL 60154
(312) 692-1497
SaraS@chilpwf.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on this 29th day of October 2026, she caused the foregoing Plaintiffs' Motion for Entry of Default to be sent via email and certified mail by the following business day to the entity and individual at the addresses noted below.

T CAT Enterprise, Inc.
c/o James R. Trumbull
997 Reading St.
Bartlett, IL 60103
jtrumbull@tcatinc.com
jtrumbull@hhintermodal.com

/s/Sara S. Schumann